UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 25-03958-MWF (RAOx)**                    **Date:  July 2, 2025**
Title:  Cilian Henson v. Costco Wholesale Corporation, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                         Court Reporter:
Rita Sanchez                          Amy Diaz

Attorneys Present for Plaintiff:      Attorneys Present for Defendants:
None Present                          None Present

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF'S MOTION TO REMAND [10]

Before the Court is Plaintiff Cilian Henson's Motion to Remand (the "Motion"), filed on June 2, 2025.  (Docket No. 10).  Defendant Costco Wholesale Corporation ("Costco") filed an Opposition on June 9, 2025.  (Docket No. 11).  Plaintiff filed a Reply on June 16, 2025.  (Docket No. 12).

The Court has read and considered the papers on the Motion and held a hearing on **June 30**, **2025**.

The Motion is **DENIED.**  Costco's removal was timely, and the Court has diversity jurisdiction over this action.  Plaintiff, however, seeks joinder of a non-diverse defendant.  Accordingly, Plaintiff is **ORDERED** to file a Motion to Amend (the "MTA") on or before **July 28, 2025.**  As discussed in detail below, the MTA shall contain an analysis of the *Palestini* factors and attach the proposed amended complaint as an exhibit.

## I.    BACKGROUND

On August 26, 2024, Plaintiff commenced this action in the Los Angeles County Superior Court against Costco and an individual defendant, identified as James Taef.  (Notice of Removal ("NOR") (Docket No. 1) ¶ 1).

Plaintiff alleges that she sustained serious injuries after slipping on grapes that had fallen onto the floor at a Costco store located at 14501 Hindry Avenue,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 25-03958-MWF (RAOx)                  Date:  July 2, 2025
Title:  Cilian Henson v. Costco Wholesale Corporation, et al.

Hawthorne, CA 90250.  (Complaint (Docket No. 1-2) ¶ 8).  According to Plaintiff,
there were no warning signs to alert customers.  (*Id.*).  Plaintiff alleges that the
"physical pain, mental and emotional pain, medical bills, loss of enjoyment of life, and
other such damages" were "direct and proximate" results of Costco's acts and/or
omissions.  (*Id.* ¶ 18).

Based on the above allegations, Plaintiff alleges two causes of actions: (1)
premises liability and (2) general negligence.  (*See generally id.*).

## II.   **LEGAL STANDARD**

In general, "any civil action brought in a State court of which the district courts
of the United States have original jurisdiction, may be removed by the defendant or the
defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant
bears the burden of establishing that removal is proper.  *See Abrego Abrego v. The Dow
Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding,
near-canonical rule that the burden on removal rests with the removing defendant").  If
there is any doubt regarding the existence of subject matter jurisdiction, the court must
resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles*,
*Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there
is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time
before final judgment it appears that the district court lacks subject matter jurisdiction,
the case shall be remanded."  28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners
Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject
matter jurisdiction may not be waived, and, indeed, we have held that the district court
must remand if it lacks jurisdiction.").

## III.   **DISCUSSION**

The Court concludes that Costco followed the proper procedure for removal in a
timely manner, and this Court has diversity jurisdiction over this action for now.

---

**CIVIL MINUTES—GENERAL**                                                          **2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 25-03958-MWF (RAOx)              Date:  July 2, 2025

Title:  Cilian Henson v. Costco Wholesale Corporation, et al.

### A.    Failure to Comply with Local Rules

Costco notes that Plaintiff failed to comply with multiple Local Rules, including but not limited to, by failing to meet and confer prior to the filing of the Motion. (Opposition at 17).

Although the Court will not deny the Motion on these grounds in this instance, Plaintiff's counsel is reminded that compliance with the Local Rules is mandatory, and the Court may deny future motions for failing to do so.  *See e.g.*, Local Rule 7-4 ("The Court may decline to a consider a motion unless it meets the requirements of L.R. 7-3 through 7-8").

Relatedly, the Court notes that Plaintiff, on multiple occasions, cites to *Ibalay v. Clegg*, a case that does not actually exist.  (*See* Motion at 11); (*see also* Reply at 5) (citing *Ibalay v. Clegg*, No. CV 12-00291, 2012 WL 12883997, at *3 (C.D. Cal. Apr. 4, 2012))).  However, the case number attributed to *Ibalay*— CV 12-00291—appears to be that of a case filed in the United States District Court for the District of Hawaii.  *See H&R Block Bank FSB v. Malijana*, No. 12-CV-00291-JMS-BMK.  Further, 2012 WL 12883997 is the citation for a case filed in the 17th Judicial Circuit Court of Florida —*Sabon*, *Inc. v. Aqualogic, Inc. et al.*, No. 09037436, 2012 WL 12883997 (Fla. Cir. Ct. Feb. 2, 2012).  And the Court cannot otherwise identify a case in the Central District of California with the case name "*Ibalay v. Clegg*."

While entirely possible that the inclusion of this citation was an honest mistake, the Court notes that the citation looks "[s]imilar to other fictitious case citations created by generative AI tools[.]"  *United States v. Hayes*, 763 F. Supp. 3d 1054, 1065 (E.D. Cal. 2025) (citation "look[ed] like a real case with a case name; a citation to the Federal Supplement; and the year for the decision" but in actuality was a citation "for a different case" and the quoted language "appear[ed] nowhere in the decision").  As other courts have noted, "[m]any harms flow from the submission of fake opinions[.]"  *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023); *Hayes*, 763 F. Supp. 3d at 1065.  Specifically,

---

**CIVIL MINUTES—GENERAL**                                            **3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

Case No. CV 25-03958-MWF (RAOx)                    Date:  July 2, 2025
Title:  Cilian Henson v. Costco Wholesale Corporation, et al.

[t]he opposing party wastes time and money in exposing the deception. The Court's time is taken from other important endeavors. The client may be deprived of arguments based on authentic judicial precedents. There is potential harm to the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and to the reputation of a party attributed with fictional conduct. It promotes cynicism about the legal profession and the American judicial system. And a future litigant may be tempted to defy a judicial ruling by disingenuously claiming doubt about its authenticity.

*Mata*, 678 F. Supp. 3d at 448–49.

Critically, courts are increasingly finding that such conduct warrants sanctions. *See Hayes*, 763 F. Supp. 3d at 1071 (collecting cases).  The Court, therefore, warns counsel to exercise caution going forward.

**B.    <u>Timeliness</u>**

Under § 1446(b)(3),

"if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

28 U.S.C. § 1446(b)(3).  Although the time limit is procedural rather than jurisdictional, it "is mandatory and a timely objection to a late petition will defeat removal[.]"  *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

Notice "of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 25-03958-MWF (RAOx)                          Date:  July 2, 2025
Title:  Cilian Henson v. Costco Wholesale Corporation, et al.

(9th Cir. 2005).  The "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'"  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).  In adopting the "unequivocally clear and certain" standard, the Ninth Circuit sought to, among other things, "bring certainty and predictability to the process of removals," "avoid gamesmanship in pleading," "guard[] against premature and protective removals," and ensure "that removal occurs once the jurisdictional facts supporting removal are evident[.]"  *Id.* at 1094.

Plaintiff argues that Costco's NOR is untimely because it was filed 42 days after Plaintiff served her verified discovery responses to Costco's special interrogatories (the "Responses").  (Motion at 7).  Plaintiff contends that removability was ascertainable from the face of the documents because they disclosed so little information about Taef's identity that Costco should have known Taef was fictitious.  (Reply at 3).  In support of her argument, Plaintiff points to the fact that Costco itself acknowledged in the NOR that it first became aware of this action's removability upon receiving her discovery responses.  (Motion at 7).  Moreover, Plaintiff relies on *Harris* and *Amezcua v. CRST Expedited Inc.* to argue that the 30-day period begins to run, not when a defendant subjectively confirms removability, but when it first receives a document from a plaintiff that reveals removability on its face.  (*Id.* at 8) (citing *Harris*, 425 F.3d at 694; *Amezcua v. CRST Expedited Inc.*, 653 F. Supp. 3d 712, 719 (N.D. Cal. 2023)).

Plaintiff's arguments are unconvincing.  First, Costco stated that it became aware of this action's removability upon receiving Plaintiff's discovery responses ***and*** declarations from payroll clerks confirming that Taef is a fictitious defendant.  (NOR at ¶ 6).  Further, the Court agrees with Costco that Plaintiff's discovery responses were too vague and unrevealing for it to be "unequivocally clear and certain" that this action was removable.  *See Dietrich*, 14 F.4th at 1091.

Plaintiff is essentially arguing that her Responses "plainly disclosed that she lacked a factual basis to identify . . . Taef," and therefore, Costco ***should have known*** Taef was fictitious.  (Reply at 3).  But those same Responses also reiterated—multiple times—Plaintiff's belief of Taef's existence.  (*See* Plaintiff Cilian Henson's Responses to Special Interrogatories to Defendant Costco Wholesale Corporation, Set One

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 25-03958-MWF (RAOx)                    Date:  July 2, 2025
Title:  Cilian Henson v. Costco Wholesale Corporation, et al.

("Responses") (Docket No. 10) at 50–65).  And, frankly, the Court identifies nothing in the Responses that would have alerted any reasonable person to the fact that Taef did not exist.  Rather, Costco behaved reasonably in accepting Plaintiff's repeated contentions that Taef was employed by Costco at the time of the incident and removing the action within 30 days of receiving notice that the opposite was true.

Critically, even if the Court assumed Costco could have guessed Taef's fictitious status based on the Responses alone, the Ninth Circuit has instructed that "defendants need not make extrapolations or engage in guesswork[.]"  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013).  As explained in *Kuxhausen*,

> [t]his principle helps avoid a "Catch-22" for defendants desirous of a federal forum. By leaving the window for removal open, it forces plaintiffs to assume the costs associated with their own indeterminate pleadings. That is only fair after all, because . . . "the burden is on the party removing the case from state court to show the exercise of federal jurisdiction is appropriate."

*Id.* at 1141 (citation omitted).

Unlike the Responses, the payroll clerks' declarations make it unequivocally clear and certain that Taef is a fictitious defendant.  Rosalyn Martin—payroll clerk for the Hawthorne Costco Warehouse—confirmed that no individual named James Taef had been employed at that location since 2005.  (Declaration of Costco Wholesale Corporation Payroll Clerk, Rosalyn Martin, in Support of Notice of Removal (Docket No. 1-2) ¶¶ 1–10).  Further, Lauren Hernandez—payroll clerk for the Hawthorne Costco Business Center—confirmed that no individual named James Taef had been employed at that location since 2014.  (Declaration of Costco Wholesale Corporation Payroll Clerk, Lauren Hernandez, in Support of Notice of Removal (Docket No. 1-2) ¶¶ 1-10).

Further, Plaintiff's reliance on *Harris* and *Amezcua* is misplaced.  Plaintiff cites to these cases to argue that only information provided by a plaintiff can trigger the 30-day deadline.  (Motion at 7).  But *Harris* does not support this conclusion.  In *Harris*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 25-03958-MWF (RAOx)                    Date:  July 2, 2025
Title:  Cilian Henson v. Costco Wholesale Corporation, et al.

the court was deciding "whether the jurisdictional facts supporting removal of an action . . . must be apparent from the face of the initial pleading or whether the mere spect[er] of removability triggers a duty of inquiry."  *Harris*, 425 F.3d at 690.  The *Harris* court concluded that the 30-day removal clock "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction."  *Id.* at 690–91 (internal quotation marks and citation omitted).  Where the pleading provided by plaintiff is indeterminate, defendants do not have a "duty to make further inquiry."  *Id.* at 694.  No where in the opinion did the Ninth Circuit preclude a defendant from investigating facts relevant to removability.  Rather, in line with the other Ninth Circuit cases detailed above, *Harris* places the burden and costs associated with an indeterminate pleading or other document on Plaintiff.

*Amezcua* is likewise inapposite.  While the district court appears to hold that the information must come from a plaintiff, the Ninth Circuit opinion on which it relies— *Roth v. CHA Hollywood Med. Ctr., L.P.*—explicitly states otherwise.  *See Amezcua*, 653 F. Supp. 3d at 719 (citing *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) (clarifying that a "defendant's subjective knowledge cannot convert a non-removable action into a removable one," but that the information supporting removal need not exclusively be provided by the plaintiff) (citing *S.W.S. Erectors, Inc., v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996))).

Here, Plaintiff served the Responses on March 21, 2025.  (NOR ¶ 13).  Costco contends that it received the declaration from Ms. Martin on April 25, 2025, and the second declaration from Ms. Hernandez on May 2, 2025.  (*Id.* ¶¶ 14, 16).  Costco filed its notice of removal on May 2, 2025.  (*Id.* at 1).  Whether the Court uses April 25 or May 2, 2025 as the date upon which it became unequivocally clear and certain that the case was removable, Costco has met its burden to establish removal would be timely.

## C.    **Diversity Jurisdiction**

Removal pursuant to diversity jurisdiction is proper when the amount in controversy exceeds $75,000 and there is complete diversity among the parties.  28 U.S.C. § 1332.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 25-03958-MWF (RAOx)                Date:  July 2, 2025
Title:  Cilian Henson v. Costco Wholesale Corporation, et al.

### 1.  Amount in Controversy

"In measuring the amount in controversy, a court must assume that the
allegations of the complaint are true and that a jury will return a verdict for the plaintiff
on all claims made in the complaint."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.
2d 1199, 1205 (E.D. Cal. 2008).  Therefore, "[t]he ultimate inquiry is what amount is
put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually*
owe."  *Id.* (emphasis in original).

The parties do not dispute that amount in controversy exceeds $75,000,
exclusive of interest and costs.  (*See generally* Motion); (Opposition).  In total,
Plaintiff seeks damages exceeding $4,325,000.00.  (NOR ¶ 13).

Accordingly, the amount in controversy exceeds $75,000.

### 2.  Complete Diversity

Courts within the Ninth Circuit have "found that diversity jurisdiction exists
based on assertions of residence, absent evidence about domicile to the contrary."
*Ervin v. Ballard Marine Constr., Inc.*, CV 16-02931-WHO, 2016 WL 4239710, at *3
(N.D. Cal. Aug. 11, 2016); *see also Arellano v. Wal-Mart Stores, Inc.*, No. CV 17-
5134-GW(JCX), 2017 WL 4083144, at *4 (C.D. Cal. Sept. 14, 2017) ("A party's
residence is 'prima facie' evidence of domicile.") (quoting *Lopez v. Nationstar
Mortgage LLC*, CV 15–03288–MWF (AJWx), 2015 WL 6478263, *2 (C.D. Cal. Oct.
26, 2015)).  "[A] corporation shall be deemed to be a citizen of any State by which it
has been incorporated and of the State where it has its principal place of business."  28
U.S.C. § 1332(c)(1).

It is undisputed that, at the time the action was commenced, Plaintiff was a
resident and citizen of the State of California, with her domicile in the state.  (NOR ¶
8).  It is also undisputed that, at the time of the filing, Costco was a citizen of the State
of Washington, where it is incorporated and has its principal place of business.  (*Id.* ¶
9).  Finally, Plaintiff acknowledges Costco's finding that Taef is a fictitious defendant.
(*See id.* ¶¶ 10–18); (*see also* Reply at 3–5).  Therefore, Taef is disregarded for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 25-03958-MWF (RAOx)                Date:  July 2, 2025
Title:  Cilian Henson v. Costco Wholesale Corporation, et al.

purpose of establishing diversity jurisdiction.  *See* 28 U.S.C. § 1441(b)(1); *see also
Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

Accordingly, Costco met its burden to establish that there exists complete
diversity among the parties.

### D.    <u>Fraudulent Joinder</u>

Joinder of a resident defendant is fraudulent if a plaintiff "fails to state a cause of
action against [the] resident defendant" and if such "failure is obvious according to the
settled rules of the state."  *Fisher v. Paul Revere Ins. Group.*, 55 Fed. App'x. 412, 413
(9th Cir. 2002) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th
Cir. 1987); *see* 13F Arthur R. Miller & A. Benjamin Spencer, Federal Practice and
Procedure (Wright & Miller) § 3641.1 (3rd ed.).  A defendant asserting fraudulent
joinder bears the heavy burden of demonstrating "that there is no possibility that [the
plaintiff] could prevail."  *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d
543, 551 (9th Cir. 2018).  Courts must assess the plaintiff's complaint at the time of
removal and assume a "general presumption against fraudulent joinder."  *Hunter v.
Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (quoting *Hamilton Materials,
Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).

Based on the foregoing analysis and the evidence provided, it is apparent to this
Court and to the parties that Taef is a fictitious defendant.  Indeed, Plaintiff does not
argue that Taef should continue to be a defendant in this action.  (*See* Reply at 3–5).

At the hearing, counsel for Plaintiff emphasized that he did not join a non-
existent defendant as an act of gamesmanship.  The Court accepts that representation
but that is why Costco's removal was timely—the parties in good faith but mistakenly
believed in Taef's existence.

### E.    <u>Joinder Under § 1447(e)</u>

Plaintiff seeks to substitute Eric Sanchez—"the Front-End Manager on duty at
the time of the incident"—for a Doe defendant.  (Motion at 10).  Plaintiff asserts that

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 25-03958-MWF (RAOx)                    Date:  July 2, 2025
Title:  Cilian Henson v. Costco Wholesale Corporation, et al.

"under 28 U.S.C. § 1447(e), if after removal the plaintiff seeks to join additional defendants whose joinder would destroy jurisdiction, the court should permit joinder and remand."  (Reply at 5) (emphasis added).

Congress has explicitly contemplated the possibility of post-removal gamesmanship and has permitted courts to deny "joinder of additional defendants" if such joinder "would destroy subject matter jurisdiction."  28 U.S.C. § 1447(e).  The Ninth Circuit has similarly directed district courts to "look with particular care at [a potential improper] motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court."  *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980).

Courts generally consider the following factors when deciding whether to allow amendment to add non-diverse defendants under 28 U.S.C. § 1447:

(1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as 'needed for just adjudication'; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Calderon v. Lowe's Home Ctrs., LLC*, No. 2:15-CV-1140-ODW-AGR, 2015 WL 3889289, at *3 (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)).

Any of the *Palestini* factors may be decisive, and no one is strictly required for joinder.  *See Meggs v. NBCUniversal Media, LLC*, 2:17-cv-03769-ODW (RAOx), 2017 WL 2974916, at *3 (C.D. Cal. July 12, 2017) (citation omitted).

Neither party addresses the *Palestini* factors.  Courts need "not manufacture arguments for [a party] . . . particularly when, as here, a host of other issues are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 25-03958-MWF (RAOx)                    Date:  July 2, 2025
Title:  Cilian Henson v. Costco Wholesale Corporation, et al.

presented for review." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009); *see also Western Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012) (The Court "will not do [a party's] work for it, either by manufacturing its legal arguments, or by combing the record on its behalf for factual support."); *Lewis v. Davis*, CV 19-5942-AB (ASx), 2020 WL 6694358, at *32 (C.D. Cal. Sept. 14, 2020) (Plaintiff "is represented by counsel in these proceedings and the Court 'will not make [his] argument[s] for him.'") (citation omitted).  However, because Plaintiff's request raises issues pertaining to this Court's jurisdiction, the Court is willing to give the parties an opportunity to brief the issue.

Accordingly, joinder under § 1447(e) is **DENIED *without prejudice***.  Plaintiff is **ORDERED** to file a Motion to Amend on or before **July 28, 2025**.  The MTA shall contain a requisite analysis of the *Palestini* factors and attach the proposed amended complaint as an exhibit.

### F.    Attorney's Fees

As Plaintiff herself points out, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  As established, removal was timely, and this Court has diversity jurisdiction over this action.

Accordingly, Costco had an objectively reasonable basis for removing this action to this Court, and Plaintiff's request for attorney's fee is denied.

## IV.    CONCLUSION

The Motion is **DENIED**.  Plaintiff is **ORDERED** to file a Motion to Amend on or before **July 28, 2025**, which shall contain a requisite analysis of the *Palestini* factors and attach the proposed amended complaint as an exhibit.

IT IS SO ORDERED.